FOWLE
*v.*
WYMAN.

Rec. 1773.
Fol. 162.

*N⁶* The Levy of an Execution on Land is good Evidence of Poffeffion in an Action of Trefpafs *qu. cl.*, notwithftanding the Omiffion by the Officer to certify that the Appraifers were " indifferent and difcreet Men."

*It feems* that a Declaration defcribing the Clofe as abutting " wefterly on a Way " is fufficiently fupported by Proof of an Abutment wefterly on a Way and Land of J. S.

## Fowle *verf.* Wyman.

TRESPASS. Lands were attached by Fowle. The Defendant then conveys to Wyman. (1) Execution levied in due Time and regular Return, &c., except the Officer did not certify, the Appraifors were *indifferent and difcreet Men.* Plaintiff offered this Evidence of his Poffeffion; to which the Defendant objected, but *admitted.* (2)

Then

(1) *Ante*, p. 48.

(1) The date of the attachment appears by the return to have been November 1, 1770. The conveyance to Wyman was merely a leafe " for and during the Term of Sowing and Ingathering one Crop of Winter Rye." The date of this leafe is prior to that of the attachment; but there is on file the depofition of Elizabeth Richardfon, to the effect that the delivery of the premifes to the leffee did not take place until fome time near the middle of November; when the deponent, " being called as an Evidence, faw the faid David cut up out of the faid " Land, Turffe and Twigg, and deliver the Same unto the faid Benja. " Richardfon and Jofhua Wyman refpectively, and therewith the Pof- " feffion of the fame Lands."

(2) A regular and complete levy under an execution has been held fufficient proof of poffeffion to fuftain this action.　3 Mafs. 215, 523. But the omiffion to certify that the appraifers were indifferent and difcreet men has been held a fatal defect. *Williams* v. *Amory*, 14 Mafs. 20.　*Bradley* v. *Baffett*, 2 Cufh. 417.

1772.

Fowle
v.
Wyman.

Then 'twas faid by Defendant that the Plaintiff had produced no Evidence of Trefpafs on the Lands fet forth in the Declaration, which he there bounds, ' Wefterly on a Way ; ' the Land whereon the fuppofed Trefpafs was done, was bounded, Wefterly on a Way and Lands of J. S. — therefore the Declaration is not fupported; *and fo ruled* unanimoufly by *the Court.* (3)

*Note.* The Defendant cited an Authority out of Salkeld, and one out of Hobart, of which inquire. (4) *Sewall for the Plaintiff,* infifted that where there was only an Omiffion of fome of the Abuttments, it was not fatall, for then what Abuttments were fet out were only Surpluffage, that where there were falfe and contradictory Abuttments fet out, they were bad. (5)

---

(3) Although the firft impreffion of the Court may have been in favor of the defendant, yet that the point muft have been referved for advifement and the objection finally overruled appears probable from the fact that the cafe refulted in a verdict, judgment, and execution for the plaintiff.

(4) 2 Salk. 453. Hob. 16, 176.

(5) Although before the St. of 1839, c. 151, § 3, in this commonwealth, and the Reg. Gen. Hil. T. 4 W. IV., in England, it was not neceffary to name or defcribe the plaintiff's clofe in the declaration, yet if this were done by abuttals, they muft be proved as laid. 2 Rol. Ab. 678. Bul. N. P. 89. 3 Stark. Evid. (ed. of 1832) 1435. But a general accuracy of defcription has been held fufficient. See *Webber* v. *Richards,* 1 Q. B. 443, where the rule is ftated to be " that the party is not to be turned round on account of fome minute variance in one out of feveral particulars, but that there muft be a general accurate correfpondence faithfully defcribing the clofe in fubftance, and conveying full information to the defendant of the place in which he is alleged to have committed the trefpafs. Alfo *Wheeler* v. *Rowell,* 6 N. H. 215, — a cafe in point, in which it was held that a defcription of a clofe as " abutting foutherly on W.'s land " " did not imply that it was abutting all the way foutherly on W.'s land," and that the omiffion of a rod or two of abutment was immaterial.